(No. 3710—)

JOSEPH MANDEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

BEDNARSKI & HAAS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This is an action brought in behalf of Joseph Mandel, by Bernard Garner, his next friend under a claim filed April 27, 1942 alleging damages in the sum of Fifteen Thousand ($15,000.00) Dollars, for injuries received by the said Joseph Mandel.

The complaint states that the said Joseph Mandel was, and had been since August 23, 1940, an inmate of the Kankakee State Hospital for the Insane under a commitment of the County Court of Cook County, Illinois. That on July 2, 1941, while he was working in the bakery shop of said Kankakee State Hospital, his right hand was caught by one of the bakery machines fracturing the bones of said hand, and that he sustained injuries to other parts of his body. He further says said injuries were sustained by him through the negligence of the said Kankakee State Hospital through its officers or agents, and that he is now permanently crippled; that he has lost the use of his right hand, and that as the result of said injury he has lost the partial use of his wrist and sustained shock.

The respondent filed a motion to dismiss the complaint and for grounds therefor says:

1. Claimant's complaint does not state a claim which the State of Illinois, as a sovereign commonwealth, should in equity and good conscience discharge and pay in that claimant's claim is predicated on the alleged liability of respondent while engaged in a governmental function, because of negligent and wrongful acts of its officers, agents or employees.

2. That an award cannot be made by the Court of Claims solely on the basis of equity and good conscience, when there is no legal basis for such an award.

3. That the complaint does not comply with rules 5(b) and 6(a) of the Court of Claims.

The court finds upon examination of the complaint that the position of the Attorney General is correct in that it does not comply with rules 5(b) and 6(a) of the Court of Claims Act, but since the complaint could be amended in these respects to conform with the rules, and since, as hereinafter pointed out, no award could be made on this claim on the merits, such omissions are immaterial and are merely incidental to the ultimate outcome. Further, the general charge of negligence is an assumption on the part of the claimant, not supported by specific averments against an officer or agent of the State.

The Kankakee State Hospital is one of the State charitable institutions, and in maintaining it the State is exercising a part of its governmental functions. In the conduct of its charitable and penal institutions, neither the State or any of its agencies are liable for damages caused by the negligence of those in charge of or employed in such institutions. The institution is maintained solely for the benefit of the public, and there exists no legal liability upon the part of the State nor the institutions for the negligence of those officers or servants there employed.

*Butler et al.* vs. *State,* 8 C. C. R., 102.

In *Shilkitis* vs. *State,* 10, C. C. R., 96, the question of the liability of the State for damages to an injured inmate was thoroughly discussed by this court. On page 97 the court said:

"Claims against the State by those who have been committed to its charitable or penal institutions have arisen before. One claim was based

upon alleged ill health of the inmate, occasioned by the fact that the food in such institution was steam-cooked which he was not accustomed to and his stomach would not properly digest steam-cooked food. Another has complained of the unduly severe character of labor to which he was assigned."

"In these and all other cases of similar character this court, as at present constituted, has felt compelled to deny any award. These matters were considered in the cases of *Jones* vs. *State*, 8 C. C. R. 78 and *Butler* vs. *State*, 8 C. C. R. 103. In the former case this statement appears, 'Strictly public institutions created, owned and controlled by the State or its subdivisions such as State asylums, city hospitals, reformatories, etc., are not liable for the negligence of their agents.' The doctrine of 'Respondeat Superior' does not apply."

Before a claimant can have an award against the State, he must show that he comes within the provision of some law making the State liable to him for the amount claimed. If he cannot point to some law giving him a right to an award he cannot invoke the principle of equity to secure such an award.

We do not make the law and can only apply it as we find it, and if any change is to be made therein it must come through the Legislature and not through the courts.

Under the law we have no authority to allow an award and the motion of the Attorney General must therefore be sustained. Motion to dismiss allowed. Case dismissed.